
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAY 17 2017
JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TAYLOR PETTY, Individually and on Behalf of     PLAINTIFF
All Others Similarly Situated

VS.     No. 4:17-cv-_331-JM_

JAL CHEMICAL CO., INC.,     DEFENDANT
d/b/a TEPH SEAL

## ORIGINAL COMPLAINT—CLASS ACTION

COMES NOW Plaintiff Taylor Petty ("Plaintiff") by and through his attorneys Dominique King and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint–Class Action ("Complaint") against JAL Chemical Co., Inc., d/b/a Teph Seal ("Defendant"), he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs; and a reasonable attorney's fee, as a result of Defendant's policy and practice of failing to pay Plaintiff and other similarly situated

This case assigned to District Judge _Moody_
and to Magistrate Judge _Deere_

individuals proper overtime compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has pendent jurisdiction over Plaintiff's AMWA claim pursuant to 28 U.S.C. § 1367(a).

5. A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff, within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff Taylor Petty ("Plaintiff") is an individual and resident of Jacksonville, Arkansas.

7. JAL Chemical Co., Inc., is a foreign for-profit corporation.

8. The registered agent of JAL Chemical Co., Inc., is listed as The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

9. Upon information and belief, Defendant operates in Arkansas and various other states as a business centered on automotive detailing.

10. Defendant has a website (www.tephseal.com) which states its business, while located in Orlando, Florida, serves car dealerships in several states, including Arkansas. The website gives the company's central address as 5615 Old Winter Garden Road, Orlando, Florida, 32811.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. At all relevant times, Defendant employed four or more employees.

13. For some time during each of the three calendar years preceding the filing of this Complaint, Defendant employed several employees to operate an automotive detailing delivery service operation in Arkansas.

14. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the calendar years during the relevant time.

15. Plaintiff performed the duties of an automotive detailing technician for Defendant for several months during the preceding 3 years.

16. Defendant directly hired Plaintiff, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

17. Defendant is a covered employer under the FLSA.

18. Defendant is a covered employer under the AMWA.

19. Plaintiff is a covered employee under the FLSA.

20. Plaintiff is a covered employee under the AMWA.

21. Defendant paid Plaintiff hourly wages for his work.

22. Plaintiff performed his duties for more than forty hours in at least one workweek during his employment with Defendant.

23. Plaintiff regularly performed his duties for more than forty hours per week.

24. Defendant did not pay Plaintiff a lawful overtime premium for all hours that Plaintiff worked over forty hours per week in any workweek.

25. Defendant required Plaintiff to work several hours each day before clocking in.

26. On average, Plaintiff worked 12 hours per day but was only paid for 8 hours per day. Defendant thus failed to pay Plaintiff for all hours worked.

27. Defendant employed other individuals, including other technicians, who were paid an hourly wage; who worked more than forty hours in any workweek; who were not paid an overtime premium for all hours worked over forty per week; and whose work involved driving, riding in, working on, and/or handling vehicles weighing less than 10,001 pounds on a weekly basis.

28. Defendant knew or should have known of its obligation to pay Plaintiff and other hourly-paid individuals one and one-half times their regular rate for all hours worked over forty per week.

## V. LEGAL ALLEGATIONS

29. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

### A. FLSA Overtime Violations

30. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty per week. 29 U.S.C.S. § 207 (LEXIS 2013).

31. Defendant failed to pay Plaintiff at a rate of one and one-half times his regular rate for all hours worked over forty (40) hours per week.

32. Defendant required Plaintiff to work several hours each day before clocking in.

33. On average, Plaintiff worked 12 hours per day but was only paid for 8 hours per day. Defendant thus failed to pay Plaintiff for all hours worked.

34. Defendant knew or should have known of their obligation to pay Plaintiff at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

35. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for unpaid overtime wages, liquidated damages, pre-judgment interest, costs, and a reasonable attorney's fee as provided by the FLSA.

### B. AMWA Overtime Violations

36. Arkansas Code Annotated § 11-4-211 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

37. Defendant failed to pay Plaintiff at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

38. Defendant required Plaintiff to work several hours each day before clocking in.

39. On average, Plaintiff worked 12 hours per day but was only paid for 8 hours per day. Defendant thus failed to pay Plaintiff for all hours worked.

40. Defendant knew or should have known of their obligation to pay Plaintiff at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

41. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for unpaid overtime wages, liquidated damages, pre-judgment interest, costs, and a reasonable attorney's fee as provided by the AMWA.

## VI. REPRESENTATIVE ACTION ALLEGATIONS

### A. FLSA § 216(b) Class

42. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44. Plaintiff brings his claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

i. Wages for the first forty (40) hours worked each week;

ii. Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

iii. Liquidated damages; and

iv.   Costs of this action, including attorney's fees.

45.   The proposed class of opt-in Plaintiffs in this case is preliminarily defined as follows:

> **Each and every individual who worked as an automotive detailing technician on Defendant's behalf during the three years preceding the filing of the Original Complaint.**

46.   The proposed FLSA class members are similarly situated in that they share these traits:

i.   They performed the same or similar job duties;

ii.   They were subject to Defendant's common policy of failing to properly pay overtime-rate wages for all hours worked in excess of forty (40) hours per week.

iii.   They were subject to numerous other common policies and practices including but not limited to the uniform policy of only paying employees for 8 hours of work per day as well as requiring employees to clock in and clock out, such that the system only showed employees as working 8 hours per day.

B.   **AMWA Rule 23 Class**

47.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48.   Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

49.   Plaintiff proposes to represent a liability class of individuals defined as follows:

**Each and every individual who worked as an automotive detailing technician on Defendant's behalf in Arkansas during the three years preceding the filing of the Original Complaint.**

50. Upon information and belief, there are more than forty (40) persons in the proposed class. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

51. Common questions of law and fact relate to all of the proposed liability class members, such as these:

i. Whether Defendant's policy of failing to properly pay overtime wages to members of the proposed class who worked in excess of forty (40) hours per week was unlawful under the AMWA;

ii. Whether Defendant paid the members of the proposed class one and one-half times their regular wages for hours worked over forty (40) in each week in accordance with the AMWA.

52. The above common questions of law and fact predominate over any questions affecting only Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

53. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency and well-being." Ark. Code Ann. § 11-4-202.

To that end, all non-exempted employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate. Ark. Code Ann. § 11-4-211.

54. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel know of any litigation already begun by any members of the proposed class concerning the allegations in this complaint.

55. No undue or extraordinary difficulties are likely to be encountered in the management of this class action.

56. The claims of Plaintiff are typical of the claims of the proposed liability class in that Plaintiff and all others in the proposed liability class will claim that they were subject to the Defendant's corporate policy of not paying for all hours worked, they were entitled to minimum wages and overtime, and that Defendant failed to pay minimum wages and overtime.

57. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

58. Plaintiff's counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Taylor Petty respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the AMWA, and their relating regulations;

B.  Judgment for damages for all unpaid wages and overtime compensation under the FLSA, the AMWA, and their relating regulations;

C.  Judgment for liquidated damages pursuant to the FLSA and the AMWA;

D.  Certification of and notice to the classes alleged above;

E.  An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F.  Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**TAYLOR PETTY, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: /s/ Dominique King
Dominique King
Ark. Bar No. 2015178
dominique@sanfordlawfirm.com

and /s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 10 of 10
Taylor Petty, et al. v. JAL Chemical Co., Inc.
U.S.D.C. (E.D. Ark.) No. 4:17-cv-___
Original Complaint—Class Action