## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**TAYLOR PETTY, each individually
and on behalf of others similarly situated**                              **PLAINTIFFS**

**V.**                                    **4:17cv 331**

**JAL CHEMICAL CO., INC. d/b/a
TEPH SEAL**                                                 **DEFENDANT**

### <u>ORDER</u>

Pending is the Plaintiff's Motion for Conditional Class Certification, for Approval and

Distribution of Notice and for Disclosure of Contact Information (Document No. 15).  Defendant

has responded, Plaintiff has replied, and Defendant filed a sur-reply.  For the reasons set forth

below, the motion is denied.

Plaintiff seeks to pursue this action on behalf of himself and "individuals who worked as

an automotive detailing technician for Defendant at any time after May 17, 2014."  His claim is

that Defendant required him and others to work off the clock in violation of the overtime

provisions of the Fair Labor Standards Act, 19 U.S.C. §201, *et. seq.* and the Arkansas Minimum

Wage Act, §11-4-201, *et seq*. In support of his motion for conditional certification pursuant to

§216(b), Plaintiff relies on his declaration in which he states that he has been employed by

Defendant since July of 2016 as an automotive detailing technician.  He has he worked for

Defendant in both Arkansas and Vermont, and the job duties of detailing technicians were the

same in both states.  All payroll decisions came out of Defendant's Florida office.  His duties

required him and other detailing technicians to sometimes work more than 40 hours per week for

which he was not paid overtime.  According, to Plaintiff, his time records rarely reflect that he

worked more than eight hours per day, because while he arrived around 8:00 a.m. he was told not

to clock in on many days to prevent being paid excessive overtime pay.  He states that he worked until around 8:00 p.m. on many days, and that he saw other detailing technicians not clocking in until much later than they had begun work.  It was a company policy of not clocking in because it was told to him and other detailing technicians in both states by company managers.  Plaintiff further states that he has personally worked with at least 15 technicians and that his experience was that everyone with a job title like his was subject to all of the same pay policies.

In addition to his own declaration, Plaintiff relies on the declaration of Myron Handy, who has filed a consent to join the collective action.  Mr. Handy states that he was employed by Defendant in Arkansas as an automotive detailing technician working from approximately September of 2016 until May of 2017.  It is Mr. Handy's understanding and observation that his duties were the same as the duties performed by all detailing technicians.  He stated that his duties required him and other detailing technicians to sometimes work more than forty hours per week for which he was not paid overtime.  According to Mr. Handy, he was told not to clock in until 12:00 p.m. or later on many days to prevent being paid overtime, and he was only paid for the time he was clocked in, not for the time he actually worked.  Like Plaintiff, Mr. Handy states that he personally worked with at least 15 technicians and that his experience was that everyone with a job title like his was subject to all of the same pay policies.

In response, Defendant produced evidence of both Plaintiff and Mr. Handy's pay and time records that contradict the statements contained in their declarations.  Defendants also provide detailed affidavits from eleven employees of Defendant, including the Human Resources Director for Defendant, Detail Managers, Assistant Managers, and Detailers from Arkansas and several other states where Defendant operates.  The evidence in these affidavits is that Defendant has a strict written policy that no one is to work off the clock.  The declaration of Lorraine

Notice outlines the company's timekeeping policies and procedures and details of the training provided to ensure that these policies are met.  She also explains the different ways Detailers are paid, sometimes on a piece-rate basis for detailing as well as being paid an hourly wage for work other than detailing. Detail Managers, who may also detail vehicles, are paid by a combination of salary, hourly, and piece rate.  According to her statement, Detailers, both full and part-time, whether working at an auto body shop or a dealership, have no set number of hours that they work, and the amount of time work varies widely from week to week and location to location depending on the amount of work present at a facility at a given time.  Plaintiff, who is still employed by Defendant as Assistant Manager at a dealership, has worked for Defendant as a Detailer in both an auto body shop and at dealerships, a Detail Manager, and Assistant Manager.

Ms. Notice states that Mr. Handy, the one individual who has filed a consent to join the action, was a part-time employee employed by Defendant for a total of 26 weeks.  His time records confirm that during his short employment, he clocked in before noon more than 70 times.

Jonathan Billado, currently an area manager for Defendant in Arkansas, also provided an affidavit.  He has been friends with Plaintiff for 15 years, lived with him for some of that time, and first encouraged him to work for Defendant as a detailer.  Billado provides detailed evidence of the training he and Plaintiff received on the company's timekeeping practices and policies, including the dates, locations, and names of the trainers.  During the training, the employees were told that employees were responsible for accurately recording their time using the company's timeclock system, and it was a violation of company policy for a non-exempt employee to work off the clock.

Regarding the initiation of this lawsuit, Billado states that after Plaintiff had been demoted to a detailer following three weeks as a Detail Manager, Plaintiff tried to get him to join

this lawsuit.  According to Billado, Plaintiff said they would both get a quick check and that he had filed the lawsuit out of spite to get back at Defendant because Defendant had demoted him. Billado states that Plaintiff had shared with him his efforts to solicit other employees to join the lawsuit, telling an employee in at least one instance that he would get paid $10,000 if he joined the action and Plaintiff won.

In the statements provided by Defendants, each of the eleven employees stated that they were not aware of any employees interested in pursuing a wage and hour claim against Defendant. Each stated that they were aware of the strict time-keeping policies and practices of Defendant. The detailers were not aware of any employee being permitted or told to work off the clock and had each stated that they had been paid accurately for overtime many times.  Several of the declarants had worked with Plaintiff; each stated that Plaintiff usually came in around 11:00 a.m. or after for the afternoon shift and that he occasionally worked from open to close.

## Certification Standard

In determining whether this case is appropriate for a court-authorized opt-in notice, Plaintiff must establish that he is "similarly situated" to putative class members for purposes of § 216(b).  While the Eighth Circuit has not addressed the issue, this Court and others within the Eighth Circuit have applied the two-step approach set out in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987) to determine whether class certification is proper. *See Coates v. Dassault Falcon Jet Corp.*, No. 4:17CV00372 JLH, 2017 WL 5598219, at *2 (E.D. Ark. Nov. 21, 2017). In the first stage, or "notice stage," courts apply a lenient standard to determine whether persons similarly situated to the named plaintiffs exist and should receive notice. *Chin v. Tile Shop, LLC*, 57 F. Supp. 3d 1075, 1082 (D. Minn. 2014). Plaintiffs have the burden of proof at this first stage which they can meet by "making a modest factual showing sufficient to demonstrate that they

4

and potential plaintiffs together were victims of a common policy or plan that violated the law."

*Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007) (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)). While the standard at this notice stage is lenient, "the supporting evidence should include evidence that other similarly situated individuals desire to opt in to the litigation because others' interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants." (citation and internal quotation marks omitted). *Garrison v. ConAgra Foods Packaged Food, LLC*, No. 4:12-CV-00737-SWW, 2013 WL 1247649, at *2 (E.D. Ark. Mar. 27, 2013) (quoting *Bouaphakeo v. Tyson Foods, Inc.,* 564 F.Supp.2d 870, 892 (N.D.Iowa 2008).

In order to be similarly situated for purposes of § 216(b), the Court can consider a variety of factors including: 1) whether plaintiffs hold the same job title; 2) whether they worked in the same geographic location; 3) whether the alleged violations occurred during the same period; 4) whether plaintiffs were subjected to the same policies and practices; and 5) the extent to which the acts constituting the alleged violations are similar.  *Smith v. Frac Tech Servs.,* No. 4:09CV00679 JLH, 2009 WL 4251017 (E.D. Ark. Nov. 24, 2009).

<u>Discussion</u>

After reviewing Plaintiff's motion in light of these standards, the Court finds that Plaintiff has failed to meet even the lenient burden of proof required for conditional certification at this time.  The evidence before the Court does not suggest that Plaintiff is similarly situated to the proposed conditional class as to job titles, geographic location, and company policies and practices.  The Court would have to make a fact-intensive inquiry as to the job duties and type of pay received by each employee to determine if the putative class members were similarly

5

situated to Plaintiff.  The Court is not making a credibility determination at this point.  But without more proof from Plaintiff, such as the name of any individual who told him not to clock in to avoid excessive overtime or any confirming evidence of a company-wide policy, and considering the detailed nature of the proof put on by Defendant, the Court is not willing to put Defendant "to the expense and effort of notice" to a conditional class that would cover 12,000 individuals in over 24 states at this time.

The Court cannot fail to take into account the affidavit of Plaintiff's long-time friend and fellow employee, Jonathan Billado. stating that Plaintiff had told him that he had filed this lawsuit out of spite to get back at Defendant for demoting him and that Plaintiff was actively soliciting other employees to join the lawsuit.  His affidavit stands uncontradicted.

For the Court to conditionally certify this class on the evidence before it, "the conditional-certification standard would not merely be a lenient one, but a meaningless one." *See White v. SLM Staffing LLC*, No. 8:16-CV-2057-T-30TBM, 2016 WL 4382777, at *2 (M.D. Fla. Aug. 17, 2016).  Plaintiff's motion for conditional certification, for approval and distribution of notice and for disclosure of contact information (Document No. 15) is DENIED without prejudice.

IT IS SO ORDERED this 26th day of January, 2018.


_____
James M. Moody Jr.
United States District Judge