## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE IN FULL

This SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made by and between **JAL CHEMICAL COMPANY, INC.,** (hereinafter "JAL Chemical," "Employer," or "Defendant") and **TAYLOR PETTY** his heirs, executors, administrators, successors, and assigns (hereinafter "Petty," "Employee," or "Plaintiff").

### Recitals

WHEREAS, PETTY has asserted claims against the Company under the Fair Labor Standards Act and the Arkansas Minimum Wage Act, alleging that he was not paid all overtime compensation he was owed during his employment with JAL CHEMICAL;

WHEREAS, PETTY has asserted claims against the Company under the Fair Labor Standards Act and the Arkansas Minimum Wage Act, alleging that he was not paid all overtime compensation he was owed during his employment with JAL CHEMICAL;

WHEREAS, JAL CHEMICAL denies all of PETTY's allegations and submits that payroll records and other evidence refutes his claims;

WHEREAS, PETTY and JAL CHEMICAL agree that the claims asserted by PETTY in his lawsuit remain disputed and that the parties have entered into this agreement to bring a cost effective conclusion to the lawsuit;

WHEREAS, PETTY AND JAL CHEMICAL have voluntarily agreed to resolve all disputes between them regarding the allegations made against the Company and any other claims PETTY has asserted or could have asserted against the Company and/or its owners, parent companies, subsidiaries, affiliates, vendors, and past and present shareholders, directors, officers, employees, attorneys, agents, both individually and in their business capacities, and their employee benefit plans and programs and the trustees, administrators, fiduciaries and insurers of such plans and programs (collectively "Releasees"); with regard to any acts or events that occurred during his employment with the Company, or with regard to anything whatsoever against any and all of the Releasees at any time up to and including the date of execution of this Agreement;

NOW, THEREFORE, in consideration of the mutual covenants in this Agreement and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

### TERMS

1. **Effective Date.** This Agreement shall become effective upon being executed by Plaintiff.

2. **Consideration.** The provisions set forth in this Agreement shall be the respective consideration for the Parties' agreement to enter into this Agreement and to be bound to its terms. With regard to Petty, the consideration for this Agreement includes the monetary consideration below specified.

3. **Settlement Payment.** In consideration for his promises set forth in this Agreement, including the release of all claims against Defendant and Releasees, Petty will

receive a lump sum payment in the amount of THREE THOUSAND FOUR HUNDRED EIGHTY SEVEN DOLLARS AND 97/100 ($3,487.97) less withholdings for taxes, and the Company shall also pay his attorneys' fees in the amount of THREE THOUSAND FOUR HUNDRED TWELVE DOLLARS AND 03/100 ($3,412.03). These payments will be made within 14 days after the later of the following: the execution of this Agreement, the approval of the settlement by the Court, the entry of an order of dismissal with prejudice in the lawsuit, and the submission of the required W-9 forms.

4. **Dismissal with Prejudice of the Litigation.** Petty understands and agrees that, as part of his promises made in exchange for the consideration set forth in this Agreement, that he agrees to file an agreed order of voluntary dismissal with prejudice as to the Company in the matter of *Taylor Petty, et al. v. JAL Chemical Co. Inc.*, Case No. 4:17-cv-331, in the Federal District Court for the Eastern District of Arkansas, dismissing the lawsuit in its entirety and with prejudice.

5. **No Consideration Absent Execution of this Agreement.** Petty understands and agrees that he would not be entitled to receive the monies and/or benefits specified in the Agreement, except for his knowing and voluntary decision to execute this Agreement and the fulfillment of the promises contained herein.

6. **General Release of All Claims.** Petty knowingly and voluntarily releases and forever discharges Defendant and Releasees of and from any and all claims known and unknown, asserted or unasserted, which Petty has or may have against JAL Chemical as of the date that he executes this Agreement including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);

- The Immigration Reform and Control Act;

- The National Labor Relations Act;

- The Americans with Disabilities Act of 1990;

- The Worker Adjustment and Retraining Notification Act;

- The Fair Credit Reporting Act;

- The Equal Pay Act;

- Any and all claims arising under Arkansas law, including but not limited to those arising under the Arkansas Civil Rights Act;

- Any other federal, state or local law, statute, rule, regulation, or ordinance;

- Any public policy, contract, tort, or common law, including FMLA Interference, FMLA retaliation, Disability discrimination under the ADA or ACRA, Breach of Contract, Promissory Estoppel, Fraud, Constructive Fraud, Outrage, Punitive Damages, Violation of COBRA or ERISA, and/or any other claims whatsoever.

- Any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

Petty affirms that he has not filed or caused to be filed, any claim against the Company other than the present lawsuit for any reason up to the date of execution of this Agreement

Petty agrees not to sue Defendant or any Releasee in any forum for any reason, including, but not limited to, claims, laws or theories covered by the above waiver and release language. If Petty sues Defendant or any Releasee in violation of this Agreement, Petty shall be liable to Defendant or the subject Releasee(s) for its or their reasonable attorneys' fees and other litigation costs incurred in defending against such a suit. In addition, if Petty sues Defendant or any Releasee in violation of this Agreement, Petty shall be required to immediately return the value of all monies and other benefits paid to Petty.

7. **Conclusion of Disputes.** Specifically, Petty acknowledges and agrees that, as part of the Valuable Consideration described above, Defendant has paid Petty separate consideration to address his claim of unpaid wages under the FLSA and the Arkansas Minimum Wage Act and that Petty has agreed to accept this payment. Specifically, Petty acknowledges and agrees based on his own first-hand knowledge and the advice of his counsel that the consideration paid specifically to resolve his overtime claims equals or exceeds the sum that he could possibly recover as damages or relief under the law. Petty verifies and affirms that he accepts the payment from Defendant as full and final payment of any wages that he believes he could possibly be owed by Defendant. Petty also agrees and affirms that he will cooperate with any and all efforts to secure approval of this settlement at any time and that he will advocate for approval of the settlement, without reservation.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind. The Parties further agree that this Agreement, whether executed or unexecuted, shall not be used in any other proceeding or for any purpose other than enforcement of the terms of this Agreement.

9. **No Reemployment.** Pursuant to this Agreement, Petty agrees that he shall not seek employment with the Company at any point in the future.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties.

11. **Severability.** In the event that any provision or portion of the Agreement shall be found to be void or invalid for any reason, then such portion or provision shall be deemed severable from the remaining provisions or portions of this Agreement and shall not affect the validity of the remaining provisions, which shall be given full effect as if the void or invalid provision had not been included herein.

12. **Costs and Attorney's Fees.** Each Party will bear their own costs and attorney's fees except as otherwise provided herein.

13. **Acknowledgment of Employee.** Employee acknowledges that:

    (a) He has carefully read and reviewed this Agreement, understands its contents, and is satisfied with the terms and conditions of this Agreement;

    (b) He suffers from no legal disabilities or mental or physical disabilities which would disable him from executing this Agreement, nor has he taken any drugs or medication prior to the execution of this Agreement which would prevent his from understanding the terms hereof;

    (c) He does not rely and has not relied upon or been influenced to any extent by any representation, promise, agreement or statement made by any of the Releasees or their representatives or agents with regard to the subject matter, basis or effect of this Agreement or otherwise in executing this Agreement except for those set forth in this Agreement;

    (d) If he discovers facts different from, or in addition to, those which he now knows or believes to be true concerning his employment with the Company, or the separation of his employment from the Company, that nevertheless this Agreement shall be and remain effective in all respects; and

    (e) He has voluntarily signed his name to this Agreement as his own free and voluntary act after consulting with his attorney, who has advised him of the legal significance of his decision to execute this Agreement.

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.**

SIGNATURE LINE INCLUDED ON NEXT PAGE

The parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

By: _____
TAYLOR PETTY

___3/29/18___
Date

_____
Authorized Representative of
JAL CHEMICAL

___4-3-2018___
Date

WSACTIVELLP:9710627.1