# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**TAYLOR PETTY, Individually and on
behalf of All Others Similarly Situated**                              **PLAINTIFF**

**V.**                    **CASE NO. 4:17-CV-331 JM**

**JAL CHEMICAL CO, INC.
d/b/a Teph Seal**                                                      **DEFENDANT**

## ORDER

Pending is the parties' joint motion to approve settlement agreement (Document No. 35). A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Lynn's Food Stores, Inc. v. United States*, 769 F. 3d 1350, 1353 n.8 (11th Cir. 1982). "In determining whether a settlement is fair and reasonable under the FLSA, factors this Court considers include the stage of the litigation and the amount of discovery exchanged, the experience of counsel, the probability of success on the merits, any "overreaching" by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between the parties based on the merits of the case. *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 132–33 (D. D.C. 2014) (taking into account the "totality of the circumstances" to determine the fairness of an FLSA settlement)." *Okada v. Eagle's Hvac, LLC*, No. 2:16-CV-02245, 2017 WL 6388961, at *1 (W.D. Ark. Dec. 14, 2017).

The parties have not asked the Court to enter a stipulated judgment. Rather, the settlement agreement provides that both Taylor Petty and opt-in plaintiff Myron Handy will file

an agreed order of voluntary dismissal.  Petty and Handy are the only plaintiffs in this action, as the Court denied Plaintiff's motion for conditional certification without prejudice.

The Court is satisfied that there is a bona fide dispute in this case.  Plaintiff and Handy assert that they had been told to work off the clock and that they were entitled to overtime wages above and beyond what Defendant's time records show.  Defendant deny that employees were ever told to work off the clock and deny that Plaintiff or Handy are entitled to any overtime pay.

After reviewing the settlement agreements attached to the parties' joint motion to approve settlement agreement, the Court is likewise convinced that the proposed settlement is fair and equitable to all parties.  Both parties are represented by experienced and competent counsel, the amounts of the proposed settlements do not indicate overreaching by Defendant, and the file reflects significant discovery has occurred to provide the information needed to fairly negotiate a settlement.

Therefore, the joint motion to approve settlement agreement (Documents No. 35), is GRANTED.  The Court will retain jurisdiction to enforce the terms of the settlement agreement if needed.

IT IS SO ORDERED this 12th day of April, 2018.

_____
UNITED STATED DISTRICT JUDGE